IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GARY GUAJARDO, HUGO CESAR GUERRERO, ADAN SANCHEZ, ARNOLD MARTINEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GILBERT MARTINEZ AND THE GILBERT MARTINEZ HEIRS, YSIDRO ORTIZ, JR., LETICIA SALCEDO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JESUS "JESSE" SALCEDO, ARTURO RENE SERRATA, RUBEN GUANAJUATO, RUBEN RAMOS, JOHNNY ISQUIERDO, ADOLFO DELEON, JOSÉ GUZMAN, TONY GUERRERO, MARIA RAMIREZ, MASTERSLICENSING, L.P., AND TEMPEST PUBLISHING, INC. | § § § § § § § § § § § § § § § § | |
| Plaintiffs | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| ALFREDO RICARDO MARTINEZ, JUNIOR A.K.A. FREDDIE MARTINEZ, JR., PURPLE SKY ENTERPRISES LLC, JO ANN MARTINEZ, JOHN EDWARD MARTINEZ, MARC MARTINEZ, LYNN HAMILTON BUTLER, HUSCH BLACKWELL LLP, JOANN HOBBS, ELOY LEIJA, ANTHONY JUAREZ, III A.K.A. TONY JUAREZ, MARFRE LLC, MARTZCOM, MUSIC, LLC, A. R. MARTINEZ FAMILY LIMITED PARTNERSHIP, JOHN EDWARD MARTINEZ AS CUSTODIAN FOR ELIZABETH MARTINEZ. L AUREN MARTINEZ, AND MADELINE MARTINEZ, MARTINEZ LAND AND BUFFALO COMPANY, L.L.C., ELM LAND AND BUFFALO COMPANY, L.L.C. and BROTHERS TREI, LTD, | § § § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, Gary Guajardo, Hugo Cesar Guerrero, Adan Sanchez, Arnold Martinez, Individually and on Behalf of the Estate of Gilbert Martinez and the Gilbert Martinez Heirs, Ysidro Ortiz, Jr., Leticia Salcedo, Individually and on Behalf of the Estate of Jesus "Jesse" Salcedo, Arturo Rene Serrata, Ruben Guanajuato, Ruben Ramos, Johnny Isquierdo, Adolfo DeLeon, José Guzman, Tony Guerrero, Maria Ramirez, Masters Licensing, L.P., and Tempest Publishing, Inc., and file this Original Complaint against Defendants, Alfredo Ricardo Martinez, Jr. a.k.a. Freddie Martinez, Jr., JoAnn Martinez, John Martinez, Marc Martinez, Lynn Hamilton Butler, Husch Blackwell LLP, JoAnn Hobbs, Eloy Leija, Anthony Juarez, III, Marfre LLC, Martzcom Music, LLC, A. R. Martinez Family Limited Partnership, John Edward Martinez as Custodian for Elizabeth Martinez, Lauren Martinez, and Madeline Martinez, Martinez Land and Buffalo Company, L.L.C., Elm Land and Buffalo Company, L.L.C., Brothers Trei, Ltd. and Purple Sky Enterprises L.L.C., and in support hereof, respectfully show as follows:

### I.  INTRODUCTION AND NATURE OF ACTION

1.      From 2010 to the present, Alfredo Ricardo Martinez, Jr. a.k.a.  Freddie Martinez, Jr., JoAnn Martinez, John Martinez, Marc Martinez, Lynn Hamilton Butler, Husch Blackwell LLP, JoAnn Hobbs, Eloy Leija, Tony Juarez, Marfree, LLC, Martzcom Music, LLC, Brothers Trei, LTD., and Purple Sky Enterprises LLC with the assistance of co-conspirators and enterprise participants, Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc., created and conducted the RICO enterprise described below to enable Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc., to evade payment of affirmed judgments totaling $297,844.90 in favor of Plaintiffs, Tony

Guerrero, Maria Ramirez, Masters Licensing, L.P., and Tempest Publishing, Inc., and anticipated judgments in favor Plaintiffs Gary Guajardo, Hugo Cesar Guerrero, Adan Sanchez, Arnold Martinez, Ysidro Ortiz, Jr., Leticia Salcedo, Arturo Rene Serrata, Ruben Guanajuato, Ruben Ramos, Johnny Isquierdo, Adolfo DeLeon, José Guzman.

2.     Plaintiffs bring this action against Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.  In particular, Plaintiffs allege claims under 18 U.S.C. §§ 1962(c)-(d) and §1964 for perpetrating a scheme through an enterprise-in-fact specifically designed to defraud Plaintiffs out of affirmed judgments and to hide and convert assets from Plaintiffs with valid and pending or anticipated claims against them.

3.     Defendants' actions in furtherance of this scheme include: a) using mail sent via the United States postal service to threaten and intimidate Plaintiffs and their counsel; b) obtaining sham appraisals that grossly undervalue the music catalogs of Freddie Martinez, Sr., d/b/a Marfre Music Publishing, and Freddie Records, Inc., n/k/a Big F, Inc.; c) creating Bills of Sale that transfer ownership of musical compositions and sound recordings involved in pending and/or contemplated litigation; d) trading valuable property to "insiders" and co-conspirators for little or no consideration in the contemplation of bankruptcy; e) converting non-exempt financial assets to exempt assets in the contemplation of bankruptcy; and f) filing bad faith bankruptcies for both Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. with the intent to hinder, delay, and avoid both actual and anticipated judgment creditors.

4.     As the following paragraphs illustrate, the motivation for this years-long scheme is both plausible and demonstrable.  Defendants' misrepresentations and deception directed towards the United States Bankruptcy Court constitutes a pattern and practice of knowing and deceptive

conduct to shield Defendants from any liability for the unauthorized infringement of Plaintiffs' intellectual properties and any profits derived therefrom.[1]

## II. PARTIES

### A. PLAINTIFFS

5.      Plaintiff, GARY GUAJARDO, is an individual residing in Nueces County, Texas.

6.      Plaintiff, HUGO CESAR GUERRERO, is an individual residing in Comal County, Texas.

7.      Plaintiff, ADAN SANCHEZ, is an individual residing in Nueces County, Texas.

8.      Plaintiff, ARNOLD MARTINEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GILBERT MARTINEZ AND THE GILBERT MARTINEZ HEIRS, is an individual residing in Lubbock County, Texas.

9.      Plaintiff, YSIDRO ORTIZ, JR., is an individual residing in Fort Bend County, Texas.

10.      Plaintiff, LETICIA SALCEDO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JESUS "JESSE" SALCEDO, is an individual residing in Nueces County, Texas.

11.      Plaintiff, ARTURO RENE SERRATA, is an individual residing in Matagorda County, Texas.

12.      Plaintiff, RUBEN GUANAJUATO, is an individual residing in Dallas County, Texas.

13.      Plaintiff, RUBEN RAMOS, is an individual residing in Travis County, Texas.

14.      Plaintiff, JOHNNY ISQUIERDO, is an individual residing in Dimmit County, Texas.

---

[1] This Complaint details the ongoing pattern of racketeering based on facts that are known to Plaintiffs and their counsel.  It is filed without the benefit of discovery, which will likely uncover many more predicate acts and further demonstrate the breadth and scope of the Enterprise's racketeering.

15.     Plaintiff, ADOLFO DELEON, is an individual residing in Kleberg County, Texas.

16.     Plaintiff, JOSÉ GUZMAN, is an individual residing in Nueces County, Texas.

17.     Plaintiff, TONY GUERRERO, is an individual residing in Bexar County, Texas.

18.     Plaintiff, MARIA RAMIREZ, is an individual residing in Nueces County, Texas.

19.     Plaintiff, MASTERS LICENSING, L.P., is a Texas limited partnership with its principal place of business in Fort Bend County, Texas.

20.     Plaintiff, TEMPEST PUBLISHING, INC., is a Texas corporation with its principal place of business in Fort Bend County, Texas.

## B. DEFENDANTS

21.     Defendant, Alfredo Ricardo Martinez, Junior a.k.a. Freddie Martinez, Jr., is an individual residing in Nueces County, Texas.  He may be served with process at his principal place of business, located at 5979 S. Staples, Corpus Christi, Nueces County, Texas 78413.  Freddie Martinez, Jr's legal name is Alfredo Ricardo Martinez, Jr.

22.     Defendant, JoAnn Martinez is an individual residing in Nueces County, Texas and may be served with process at her residence at 5042 Wooldridge, Corpus Christie, Texas 78413.

23.     Defendant, JOHN EDWARD MARTINEZ, is an individual residing in Nueces County, Texas.  He may be served with process at his principal place of business, located at 5979 S. Staples, Corpus Christi, Nueces County, Texas 78413.

24.     Defendant, MARC MARTINEZ, is an individual residing in Nueces County, Texas. He may be served with process at his principal place of business, located at 5979 S. Staples, Corpus Christi, Nueces County, Texas 78413.

25.     Defendant, LYNN HAMILTON BUTLER, is an individual residing in Travis County, Texas.  He may be served with process at his principal place of business, located at 111 Congress Avenue, Ste. 1400, Austin, Texas 78701.

26.     Defendant, HUSCH Blackwell LLP is a Delaware limited liability partnership.  It may be served with process by serving its Registered Agent, CT Corporation System at 1999 Bryan St., Suite 900 Dallas, Texas 75201-3136.  Husch Blackwell LLC is the successor in interest to Brown McCarroll, LLP.

27.     Defendant, JOANN HOBBS, is an individual residing in Nueces County, Texas.  She may be served with process at her principal place of business, located at 5979 S. Staples, Corpus Christi, Nueces County, Texas 78413.

28.     Defendant, ELOY LEIJA, is an individual residing in Nueces County, Texas.  He may be served with process at his principal place of business, located at 5979 S. Staples, Corpus Christi, Nueces County, Texas 78413.

29.     Defendant, ANTHONY JUAREZ, III a.k.a. TONY JUAREZ, is an individual residing in Nueces County, Texas.  He may be served with process at his principal place of business, located at 2315 Civitan Drive, Corpus Christi, Texas 78417.  Tony Juarez's legal name is Anthony Juarez, III.

30.     Defendant, MARFRE, LLC, is a Texas Limited Liability Company.  At all times material to this action, MARFRE, LLC has engaged in business in the Southern District of Texas.  It may be served with process by serving its Registered Agent, Alfredo Martinez, Jr. at 5979 Staples, Corpus Christi, Nueces County, Texas 78414.

31.    Defendant, MARTZCOM MUSIC, LLC, is a Texas Limited Liability Company.  At all times material to this action, Martzcom Music, LLC has engaged in business in the Southern District of Texas.   It may be served with process by serving its Registered Agent, Alfredo Martinez, Jr. at 5979 Staples, Corpus Christi, Nueces County, Texas 78414.

32.    Defendant, JOHN EDWARD MARTINEZ AS CUSTODIAN FOR ELIZABETH MARTINEZ, LAUREN MARTINEZ AND MADELINE MARTINEZ is an individual claiming to be serving as Custodian for the property of Minor Children.  He resides in Nueces County, Texas. He has appeared and answered herein in his individual capacity.   John Edward Martinez, in his capacity as Custodian for Elizabeth Martinez, Lauren Martinez, and Madeline Martinez, may be served at his place of business, at 5979 South Staples, Corpus Christi, Texas 78413 by certified mail, return receipt requested.

33.    Defendant, MARTINEZ LAND AND BUFFALO COMPANY, L.L.C., is a Domestic Limited Liability Company whose principal place of business is in Nueces County.  It may be served with process by serving its registered agent, John Edward Martinez, at 6210 Denain Drive, Corpus Christi, Texas 78414, by certified mail, return receipt requested.

34.    Defendant, ELM LAND AND BUFFALO COMPANY, L.L.C., is a Domestic Limited Liability Company whose principal place of business is in Nueces County.  It may be served with process by serving its registered agent, John Edward Martinez, at 6210 Denain Drive, Corpus Christi, Texas 78414, by certified mail, return receipt requested.

35.    Defendant, BROTHERS TREI, LTD., is a Texas Limited Partnership, with its principal place of office in Nueces County, Texas.  At all times material to this action, Freddie Records, Inc. has engaged in business in the Southern District of Texas.  It may be served with

process by serving its Registered Agent, Alfredo Martinez, Jr. at 5979 Staples, Corpus Christi, Nueces County, Texas 78414.

36.     Defendant PURPLE SKY ENTERPRISES, LLC is a Texas limited liability company which may be served by serving its Registered Agent, Alfredo Ricardo Martinez, Jr. at 5979 South Staples, Corpus Christi, Nueces County, Texas 78413.

**C.  UNNAMED CO-CONSPIRATORS**

37.     Although not named as a party herein, by reason of his ongoing bankruptcy and the automatic stay, Freddie Martinez, Sr. is an individual residing in Nueces County, Texas.  Freddie Martinez, Sr.'s legal name is Alfredo Ricardo Martinez, Sr.  On information and belief, Freddie Martinez, Sr. violated 18 U.S.C. §§ 1962(c) and (d) by actively participating in Defendants' scheme to evade affirmed judgments and to fraudulently conceal and transfer assets beyond the reach of creditors– including Plaintiffs' intellectual properties and monies derived therefrom.  Freddie Martinez, Sr.'s actions had the intended result of harming the Plaintiffs and causing them damage to their business and property.

38.     Although not named as a party herein, by reason of its ongoing bankruptcy and the automatic stay, Freddie Records, Inc., n/k/a Big F, Inc. is a Texas corporation, with its principal place of office in Nueces County, Texas.  At all times material to this action, Freddie Records, Inc. has engaged in business in the Southern District of Texas.  On information and belief, Freddie Records, Inc. violated 18 U.S.C. §§ 1962(c) and (d) by actively participating in Defendants' scheme to evade affirmed judgments and to fraudulently conceal and transfer assets beyond the reach of creditors–  Plaintiffs' intellectual properties and monies derived therefrom.  Freddie Records, Inc.'s

actions had the intended result of harming the Plaintiffs and causing them damage to their business and property.

### III. JURISDICTION AND VENUE

39.     The subject matter jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. § 1331, and the Racketeer Influenced and Corrupt Organization Act ("RICO") 18 U.S.C. § 1961 et seq. (specifically 18 U.S.C. § 1964(c)).

40.     Venue is proper in the Southern District of Texas pursuant to 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(a)-(c) because a substantial part of the events and omissions giving rise to this action occurred in the Southern District of Texas and because Defendants transacted business in this district.

41.     The Enterprise was formed in the Southern District of Texas and a substantial part of the conduct surrounding Defendants' scheme occurred in the Southern District of Texas.

### IV.   FACTS APPLICABLE TO ALL COUNTS

**A.  THE RICO ENTERPRISE**

42.     Defendants and their above-named co-conspirators conducted or actively participated in the conduct of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).  Alternatively, Defendants, co-conspirators, and Enterprise participants identified herein, through an agreement to commit two or more predicate acts, conspired to conduct or participate in the conduct of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).  The actions of Defendants, co-conspirators, and Enterprise participants were in furtherance of the Enterprise and in violation of 18 U.S.C. § 1962(d).

43.     The Enterprise is an association-in-fact of current owners and employees of Martzcom Music, LLC, as well as Lynn Hamilton Butler, Tony Juarez, and various businesses and entities created by the Martinez Family.  The Enterprise is distinct from, albeit conducted through, Freddie Records, Inc., n/k/a Big F, Inc., and Martzcom Music, LLC, under the direction of the Individual Martinez Defendants.[2]  It functions as an ongoing unit to effectuate a pattern of racketeering activity.  Participants in the Enterprise include:

a)      **Freddie Martinez, Sr.:** The founder of Freddie Records, Inc., n/k/a Big F, Inc., who also conducts or conducted business as Marfre Music Publishing Company.  His sons are current owners or officers of Martzcom Music, LLC d/b/a Freddie Records.  Martinez, Sr. is personally liable for thousands of dollars in affirmed judgments, as described above, due to copyright infringement of sound recordings and musical compositions.  He failed to post a supersedeas bond following the judgments.  Instead, he immediately transferred or converted his non-exempt assets in anticipation of bankruptcy.  From August 2010 to October 2010, he placed approximately $1.4 million into alleged retirement accounts and annuities with Pruco Life Insurance Company and Aviva Life and Annuity Company.  On November 12, 2010, he sold the entire Marfre Music Publishing Company catalog to Freddie Records, Inc., n/k/a Big F, Inc., for a grossly below-market value, which he later tried to legitimize by obtaining a sham appraisal from SparData Appraisals.  On February 14, 2011, he filed for personal bankruptcy and claimed he had no assets other than his homestead and an old Cadillac.  During discovery in his bankruptcy case, Martinez, Sr. admitted under oath

---

[2] Throughout this Complaint, Freddie Martinez, Jr., John Martinez, and Marc Martinez are collectively referred to as the "Individual Martinez Defendants."

that he is solvent with millions in liquid assets, and that he filed for bankruptcy in order to avoid and harass his creditors– namely, Plaintiffs in this case.

b)   **Freddie Records, Inc. n/k/a Big F, Inc.:** A former record company owned and operated by Freddie Martinez, Sr. and the Individual Martinez Defendants, that was stripped of all assets– including its own name.  Freddie Records, Inc., n/k/a Big F, Inc., is liable for thousands of dollars in affirmed judgments, as described above, due to copyright infringement.  Freddie Records, Inc., n/k/a Big F, Inc., failed to post a supersedeas bond following these judgments.  Instead, it transferred approximately $550,000 to Brothers Trei, Ltd., and sold its entire catalog to Brothers Trei, Ltd., for "forgiveness of outstanding back-rent," including the Marfre Music Publishing Company catalog it acquired just minutes earlier.  There is no evidence or proof of a rental agreement by and between Freddie Records, Inc., n/k/a Big F, Inc. or Brothers Trei, Ltd.  Martzcom Music, LLC currently uses the same studio property owned by Brothers Trei, Ltd. and does not pay rent.  On November 24, 2010, Freddie Records, Inc. legally changed its name to Big F, Inc. with the Texas Secretary of State.  It did not notify any of its artists or licensees of its name change.  Martzcom Music, LLC currently does business under the name "Freddie Records."  On February 14, 2011, Freddie Records, Inc., n/k/a Big F, Inc., filed for bankruptcy.  The purpose of its bankruptcy is to avoid and harass its creditors– namely, Plaintiffs in this case.

c)   **Freddie Martinez, Jr.:** Vice-President and owner of Martzcom Music, LLC, and previous Vice-President of Freddie Records, Inc., n/k/a Big F, Inc.  He is Freddie Martinez, Sr.'s son.  He is complicit in the unauthorized infringement of Plaintiffs' sound recordings and musical compositions, and personally profited from such exploitations.  He conceived

and enacted the scheme to divest Martinez, Sr. and Freddie Records, Inc., k/n/a Big F, Inc. of all non-exempt assets and transfer them beyond the reach of actual and anticipated creditors.  He helped create and execute the November 2010 Bills of Sale and created and enabled Martzcom Music, LLC and Brothers Trei, Ltd. to hold fraudulently transferred property.  He is personally financing Martinez, Sr.'s fraudulent bankruptcy, and has paid thousands of dollars to Freddie Martinez, Sr.'s bankruptcy attorney, under the guise of "gifts" to his father, in order to maintain the charade he and his co-conspirators created.  The source of these "gifts" is unclear.

d)      **John Edward Martinez:** Officer and owner of Martzcom Music, LLC, and previous officer of Freddie Records, Inc., n/k/a Big F, Inc.  He is Freddie Martinez, Sr.'s son.  He is complicit in the unauthorized infringement of Plaintiffs' sound recordings and musical compositions, and personally profited from such exploitations.  He conceived and enacted the scheme to divest Martinez, Sr. and Freddie Records, Inc., k/n/a Big F, Inc. of all non-exempt assets and transfer them beyond the reach of actual and anticipated creditors.  He helped create and execute the November 2010 Bills of Sale and created and enabled Martzcom Music, LLC and Brothers Trei, Ltd. to hold fraudulently transferred property.

e)      **Marc Martinez:** Officer and owner of Martzcom Music, LLC, and previous officer of Freddie Records, Inc., n/k/a Big F, Inc.  He is Freddie Martinez, Sr.'s son.  He is complicit in the unauthorized infringement of Plaintiffs' sound recordings and musical compositions, and personally profited from such exploitations.  He conceived and enacted the scheme to divest Martinez, Sr. and Freddie Records, Inc., k/n/a Big F, Inc. of all non-exempt assets and transfer them beyond the reach of actual and anticipated creditors.  He helped create and

execute the November 2010 Bills of Sale and created and enabled Martzcom Music, LLC and Brothers Trei, Ltd. to hold fraudulently transferred property.

f)    **Lynn Hamilton Butler and his law firm Husch Blackwell, LLP successor to Brown McCarroll, LLP:** A tax and bankruptcy lawyer who specializes in commercial bankruptcy and corporate reorganization.   Butler used his legal knowledge and skills to restructure Martinez-owned entities, including Freddie Records, Inc., and create entirely new entities, including Martzcom Music, LLC.   He is the mastermind behind the November 2010 Bills of Sale that transferred assets from Marfre Music Publishing to Freddie Records, Inc. and then from Freddie Records, Inc. to Brothers Trei, Ltd. The Bills of Sale divested Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. of all non-exempt assets and allowed them to file for bankruptcy in order to frustrate and prejudice their creditors, including Plaintiffs. He has used the bankruptcy process to force plaintiffs to incur enormous fees and expenses and suffer delay to help the Defendants avoid obligations to plaintiffs and others similarly situated.

g)    **JoAnn Hobbs:**  An employee of Martzcom Music, LLC. She is Freddie Martinez, Sr.'s niece and the Individual Martinez Defendants' cousin.  She is involved in obtaining licenses for sound recordings and musical compositions, tracking sales, and providing accountings to artists.  In her position, she helped hide sales and profits of certain musical compositions and sound recordings, including those made via cash sale and/or "pocket transactions." This prevented artists, such as Plaintiffs, from verifying actual damages from Freddie Records, Inc.'s and/or Martzcom Music, LLC's infringing activities. She also helped hide and transfer assets of Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. by

providing Lynn Hamilton Butler and Tony Juarez with information about the various Martinez-owned entities and their assets.  This information was used to create the November 2010 Bills of Sale and effectuate the fraudulent transfers.  She also provided information to SparData, which it used to create sham appraisals to legitimatize the catalog sales

h)      **Anthoy Juarez, III a.k.a. Tony Juarez:** A Certified Public Accountant, and the long-time accountant of Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. Juarez used his financial skills and knowledge to help create the November 2010 Bills of Sale and to hide and transfer assets of Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc.  He also provided information to SparData, which it used to create sham appraisals used to legitimatize the catalog sales.  Prior to the Bills of Sale, Juarez helped the Martinez family and Freddie Records, Inc. hide and manipulate profits they made from the unauthorized exploitation of musical compositions and sound recordings through the utilization of cash sales and "pocket transactions."

i)      **Eloy Leija:** An employee of Martzcom Music, LLC.  Leija is involved in sales for Martzcom Music, LLC, including cash sales and "pocket transactions" made to flea markets and "mom and pop" shops for products manufactured in-house by Freddie Records, Inc. and/or Martzcom Music, LLC.  Such sales are not properly accounted for or reported, which makes it impossible for Plaintiffs and other similarly-situated artists and musicians to account for damages related to Freddie Records, Inc.'s and/or Martzcom Music, LLC's infringing activities.  He is integral in Defendants' efforts to conceal and under report these sales.  He is also the recipient of fraudulently transferred property, divested by Freddie Records, Inc. in contemplation of bankruptcy.  On September 29, 2010, Freddie Records, Inc.

"sold" Leija a house in Nueces County, Texas, for $10.  As of 2014, the Nueces County Appraisal District values the property at $65,053.

j)      **Marfre, LLC:** A publishing company created after the November 2010 Bills of Sale were executed as part of the scheme to harm plaintiffs and others similarly situated, including the bankruptcy filings of Freddie Records, Inc., n/k/a Big F, Inc., and Freddie Martinez, Sr. It currently does business as part of the "Freddie Records" enterprise and operates in an identical manner and under identical leadership.  This includes the unauthorized infringement of copyright-protected sound recordings and musical compositions– including those that belong to Plaintiffs.  The formation of Marfre, LLC enabled the Martinez family to conduct business as usual under the "Freddie Records" name, and capitalize on industry recognition and good will associated with the name, without the stigma of bankruptcy.

k)      **Martzcom Music, LLC:** A record company created after the November 2010 Bills of Sale were executed  as part of the scheme to harm plaintiffs and others similarly situated, including the bankruptcy filings of Freddie Records, Inc., n/k/a Big F, Inc., and Freddie Martinez, Sr. It currently does business as part of the "Freddie Records" enterprise and operates in an identical manner and under identical leadership.   This includes the unauthorized infringement of copyright-protected sound recordings and musical compositions– including those that belong to Plaintiffs.  The formation of Martzcom Music, LLC enabled the Martinez family to conduct business as usual under the "Freddie Records" name, and capitalize on industry recognition and good will associated with the name, without the stigma of bankruptcy.

l)      **Brothers Trei, Ltd.:** A property holding company created by Freddie Martinez, Jr., John Martinez, and Marc Martinez to effectuate the fraudulent transfers and divest Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. of all non-exempt assets in the contemplation of bankruptcy. On May 10, 2010, it received $550,000 in its Merrill Lynch accounts from the accounts of Freddie Records, Inc., n/k/a Big F, Inc.  On November 12, 2010, it purchased the music catalogs of Marfre Music Publishing Company and Freddie Records, Inc., n/k/a Big F, Inc., in exchange for forgiveness of outstanding "back rent" allegedly owed by Freddie Records, Inc., n/k/a Big F, Inc.  There is no proof of a rental agreement between it and Freddie Records, Inc. or of the alleged outstanding back rent. To date, it continues to hold property and assets generated by Freddie Records, Inc.'s, n/k/a Big F, Inc., and/or Martzcom Music, LLC's unauthorized infringement of musical compositions and sound recordings.  It is a Plan Proponent of Freddie Martinez, Sr.'s Chapter 7 bankruptcy plan, and, upon information and belief, is using fraudulently transferred property as collateral for the plan.

44.     Though the individual Martinez Defendants exercise maximal control of the Enterprise, all of the Enterprise's members are distinct from the Enterprise and its activities, and each exercised and continues to exercise, control over various functions of the Enterprise.  The persons and entities comprising the Enterprise associated together for the common purpose of allowing Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc., to evade affirmed outstanding judgments, totaling $297,844.90, as well as anticipated future judgments of an undetermined amount, and defrauding Plaintiffs of damages for their copyright infringement claims.

B. <u>PATTERN OF RACKETEERING</u>

45.     From 2010 to the present, Defendants and their co-conspirators, unlawfully and knowingly engaged in the affairs of the Enterprise through an ongoing pattern of racketeering activity– that is, two or more racketeering acts as defined in 18 U.S.C. § 1961.  The foregoing pattern of racketeering activity is distinct from the Enterprise itself, which does not solely engage in the acts described herein.

46.     As detailed throughout this Complaint, the fraudulent scheme consisted of the following Enterprise actions:

> a)   Infringing on copyright protected musical compositions and sound recordings without a license or without authority or permission from the Works' owners and then selling placing infringing products in the interstate stream of commerce;
>
> b)   Under reporting, failing to account for, and failing to maintain proper records of cash sales, "pocket transactions," and in-house manufacturing;
>
> c)   Using the United States mail to convey false royalty, licensing, and copyright information to artists, publishers, and the general public– including violation of the Digital Millennium Copyright Act;
>
> d)   Using the United States mail to threaten, harass, and intimidate judgement creditors, potential judgment creditors, and their counsel;
>
> e)   Conceiving and engaging in an elaborate scheme to transfer and divest Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. of all non-exempt assets, including money, real property, and intellectual property; and
>
> f)   Asserting direct control over false, deceptive, and misleading information disseminated to the United States Bankruptcy Court, including the November 2010 Bills of Sale and sham SparData appraisals.

47.     Defendants' pattern of racketeering activity includes predicate acts indictable under: 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C.  § 1513 (retaliating against

a witness, victim, or informant), 18 U.S.C. § 1956 (laundering of monetary instruments), and 18 U.S.C. § 2315 (interstate transportation of stolen property).  Collectively, these violations, occurring over several years, are a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

48.     The unlawful predicate acts of racketeering activity committed by Defendants have a common purpose, are related, involve the same or similar participants, and involve the same or similar methods of commission.  The scheme was calculated to ensure that Plaintiffs would not recover any damages related to the Individual Martinez Defendants', Freddie Martinez, Sr.'s, Martzcom Music, LLC's, or Freddie Records, Inc.'s, n/k/a Big F, Inc, unauthorized infringement of their copyright protected works and intellectual properties.

## C.  <u>RACKETEERING ACTIVITY</u>

49.     The Individual Martinez Defendants and their father, Freddie Martinez, Sr., use the facade of a legitimate record business, Marfre, LLC, Martzcom Music, LLC, d/b/a Freddie Records, to exploit musical compositions and sound recordings without a valid license and without the authority or permission of the authors, owners, or publishers of these Works. [3]  The Individual Martinez Defendants were able to foster and grow Martzcom Music, LLC, as well as numerous other businesses and capital ventures, including Brothers Trei, Ltd., due to their continuing practice of copyright infringement and monies derived therefrom.  This continuing pattern and practice of activities has occurred continuously over the last ten years and continues to date.

50.     The Individual Martinez Defendants, Freddie Martinez, Sr., and Martzcom Music, LLC conceal their infringing  activities by: a)  failing to obtain a license from the author and/or owner of the Works prior to exploitation; b) providing false copyright information on products,

_____

[3] Throughout this Complaint, musical compositions and sound recordings are collectively referred to as "Works."

including misidentifying the author and/or owner of the Works; c) engaging in undocumented in-house production of products; d) engaging in undocumented cash transactions to flea markets and small "mom and pop" stores; e) failing to adequately track manufacturing, production, and sales; and f) failing to provide publishers with accurate payments, statements, or accountings for their exploitation of the Works.

51.     In 2008, Maria Ramirez and Tony Guerrero, who are associated with the popular band, *La2Sombra*, filed a copyright infringement claim against various Martinez-related persons and entities, including Freddie Records, Inc. and Freddie Martinez, Sr., Individually and d/b/a Marfre Music Publishing, based on the above-described actions.[4] Ramirez and Guerrero prevailed on their copyright infringement claim and, on August 18, 2010, received an affirmed judgment in the amount of $198,378.[5]

52.     In retaliation for the Ramirez suit, Freddie Martinez, Sr. filed copyright infringement claims against Tony Guerrero, Masters Licensing, L.P., and Tempest Publishing, Inc.– which are companies owned by Guerrero's counsel.[6]  Freddie Martinez, Sr. was unsuccessful in these retaliatory suits, and was ordered to pay the Defendants' court costs and attorneys' fees in each case. On September 13, 2010, Guerrero received a judgment awarding court costs in the amount of $214.15; and on September 21, 2010, he received a judgment awarding attorneys' fees in the amount

---

[4] See *Ramirez, et al. v. Freddie Records, Inc., et al.*; United States District Court, Southern District of Texas, Houston Division; Case No. 4:08-cv-00801 (hereafter, the "Ramirez suit").

[5] *Ramirez, et al.;* Doc. No. 106.

[6] See *Martinez v. Guerrero*; United States District Court, Western District of Texas, San Antonio Division; Case No. 5:09-cv-00280; see also *Martinez v. Masters Licensing LP, et al.*; United States District Court, Southern District of Texas, Corpus Christi Division; Case No. 2:09-cv-00071.

of \$38,747.75.[7]   On October 29, 2010, Masters Licensing, L.P. and Tempest Publishing, Inc. received a judgment awarding court costs in the amount of \$1,505; and on July 11, 2011, they received a judgment awarding attorneys' fees in the amount of \$59,000.[8]

53.     Due to the above-described unfavorable judgments, and with the threat of additional litigation by similarly situated songwriters and musicians, the Individual Martinez Defendants created and conducted a RICO enterprise, as defined by 18 U.S.C. § 1961(4), to make themselves, Freddie Martinez, Sr., Freddie Records, Inc., and other family-owned and operated entities "judgment proof."   The Enterprise consists of, among others, the following: Freddie Martinez, Jr., John Martinez, Marc Martinez, Lynn Hamilton Butler, JoAnn Hobbs, Eloy Leija, Tony Juarez, Marfre, LLC, Martzcom Music, LLC, Brothers Trei, Ltd. Freddie Martinez, Sr., and Freddie Records, Inc.

54.     The Individual Martinez Defendants and their employees, JoAnn Hobbs and Eloy Leija, began to divert, transfer, and hide assets to keep them out of the reach of judgment creditors and potential creditors– including Plaintiffs in this action. The transfer of assets included properties that rightfully belong to Plaintiffs, such as sound recordings, musical compositions, and the monies derived therefrom, to entities including Martzcom Music, LLC and Brothers Trei, Ltd.  In addition, the Individual Martinez Defendants restructured their business organization and created entirely new entities to frustrate and confuse creditors.  This included changing the name of Freddie Records, Inc. to Big F, Inc., creating Martzcom Music, LLC, and allowing Martzcom Music, LLC to do business as "Freddie Records."

---

[7] *Martinez v. Guerrero*; Doc. Nos. 50 and 51.

[8] See *Martinez v. Masters Licensing LP, et al.*; Doc. Nos. 43 and 47.

55.     The transfer of assets and restructuring of corporate organizations and entities was accomplished with the advice, assistance, and encouragement of attorney, Lynn Hamilton Butler, and CPA, Tony Juarez.  Specifically, Lynn Hamilton Butler and Tony Juarez actively advised and assisted the Individual Martinez Defendants in their divestment of assets through a series of Bills of Sale by and between Marfre Music Publishing, Freddie Records, Inc., n/k/a Big F, Inc., and Brothers Trei, Ltd.  There are several different dates provided for the execution of these Bills of Sale, and it is unclear when they actually became effective.  However, it is clear that they were created to frustrate judgment and future judgment creditors by stripping Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. of all assets and placing them in bankruptcy.

56.     Activities of Defendants: as alleged herein, and adopting all other allegations in this pleading, Defendants and those acting in concert with them engaged in multiple plans and activities which harmed the plaintiffs and others similarly situated.  These activities include:

57.     Undocumented in-house manufacturing which conceals revenue and deprives Plaintiffs and other songwriters and performers of revenue they are due under the common law and statutes; this intentional activity conceals exploitation and thus frustrates proof of wrongdoing.

58.     Unreported income – a further consequence of undocumented mfg, and artificially depresses income so creditors can't know the full extent of income and exploitation, and profits and investments of the enterprise.

59.     Tax Fraud – In addition to the accounting and income reporting deficiencies, Juarez's schedules and data (and Alfredo Ricardo Martinez, Sr's tax returns) show that Sr. had a $3,000,000 receivable from Brothers Trei. Juarez and the other Defendants now claim this was a mistake although it was never paid.  This amount dwarfs the alleged back rent that was used to justify the

scheme to frustrate creditors and transfer assets.. Bros Trei actually owed Martinez, Sr more money than what they claimed Martinez, Sr and Freddy Records he owed Bros. Trei.

60.    Destroyed Guerrero/La Sombra masters, of great practical and historic value, have "disappeared" once Guerrero obtained verdict.  This was property that belonged to Tony Guerrero and damaged his business in that his ability to use the original multi-track masters has been taken away.

61.    No internal licenses and accountings – when Freddy Records exploits musical compositions it does so without mechanical licenses and payments and accountings, all of which are calculated to and do deprive the artists and writers of revenue due them, and conceals liabilities and obligations of the enterprise.

62.    Pattern and Practice of Dealing with artists and writers – creating a "Tejano industry standard" as a ruse to exploit unsophisticated writers and artists to enter into non-standard contracts and unjust contracts which are used to deprive these persons of their life's work and livelihood without just compensation.  Defendants exploit illiteracy, lack of knowledge and misrepresent what it means to be a Freddy Records artist. The conduct of Defendants, including fraud, artificially depresses revenue, benefits and rights that the plaintiffs would have otherwise received.

63.    Overall Harmful Business practices include delay and excessive legal procedures and use and abuse of the court system to avoid resolution of disputes in a prompt and efficient manner. Defendants have made a calculated decision to spend unlimited amounts on lawyers and legal expenses rather than addressing their liabilities in a straightforward fashion with the purpose of punishing those who have obtained or are likely to obtain judgments against them.  Through this strategy, Defendants cause even parties who have final unappealable judgments to spend so much

money attempting to collect the judgments that in effect the recoveries are reduced to nothing, all as punishment for pursuing their rights. Parties who are owed obligations and/or who have rights that need addressed or clarified are forced to spend so much on fees and expenses that as a practical matter they are deprived of the ability to obtain relief. Personal attacks on their counsel and threats on counsel interfere with their ability to find and retain counsel to pursue legal remedies and to obtain relief from the legal system. Defendants interfere with the parties' right and abilities to obtain the assistance of representation and administration of their rights.

64.      Bills of Sale – Defendants employed forgery and falsehoods to execute the bills of sale. They have dates of execution that are not accurate. Defendants have testified falsely to these false dates being the dates of actual execution and completion of the bills of sale. Butler has proffered this as evidence he know to be false, all as part of the plan structured by Butler and executed by all the others to prejudice the rights of plaintiffs in the bankruptcy process. Plaintiffs have suffered losses which they seek to recover under RICO due to the sale of debtor's assets at sub-market prices. *Bivens Gardens Office Building v. Barnett*, 140 F.3d 898,908 (11th Cir. 1998).] Defendants have intentionally caused excessive litigation fees and expenses, consequences which jeopardize, erode and negate Plaintiffs' ability to obtain a full recovery, let alone any net recovery.

65.      Hiding Assets – Martzcom claims to be the owner, of rights pertinent to Plaintiffs, yet has no documentation to which it can point to show even a fraudulent transfer. This obfuscation effectively deprives Plaintiffs of the ability to pursue their common law and statutory rights.

66.       Defendants created a bogus lease payment liability while Martinez, Sr. and Freddy Records had the ability to pay from huge cash reserves, the other Defendants intentionally created this obligation on the part of Freddy Records to use as part of the scheme to deprive creditors of the

ability to satisfy judgments and to frustrate other artists and songwriters who were also owed money but who had not asserted or been made aware of claims they had. It is more than coincidental that they then obtained an appraisal that just matched this bogus liability.

67.    In performing the above-described actions, Defendants engage or engaged in the following related racketeering activities over the last ten years:

a)    **Bankruptcy Fraud:**

68.    The Individual Martinez Defendants, JoAnn Hobbs, Lynn Hamilton Butler, Tony Juarez, and Brothers Trei, Ltd. engaged in bankruptcy fraud, by aiding and assisting Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. in their divestment of assets following the unfavorable judgments described above herein.

69.    On May 10, 2010, Freddie Records, Inc., n/k/a Big F, Inc. began divesting itself of assets, and transferred $550,00 from its Merrill Lynch accounts into those of Brothers Trei, Ltd., which is owned and operated by the Individual Martinez Defendants.  It also "sold" real property it owned in Nueces County, Texas, to employee, Eloy Leija, for $10.  Today, this property is valued at $65,053 by the Nueces County Appraisal District.  On November 24, 2010, Freddie Records, Inc. legally changed its name with the Texas Secretary of State to "Big F, Inc."  At this time, Freddie Records, Inc., n/k/a Big F, Inc. essentially stopped operating as a business.  The Individual Martinez Defendants allowed their newly formed entity, Martzom Music, LLC, to operate under the name "Freddie Records," and it took over all aspects of the business formerly operated by Freddie Records, Inc., n/k/a Big F, Inc.  Freddie Records, Inc.'s, n/k/a Big F, Inc., artists and customers were never notified of the change, and, to this day, have no reason to suspect that they are doing business with Martzcom Music, LLC rather than Freddie Records, Inc.

70.     Following the unfavorable judgments against him, Butler, his law firms, Juarez and the other Defendants implemented a plan whereby Freddie Martinez, Sr. also began hiding and transferring his non-exempt assets.  From August to October 2010, he transferred financial assets totaling approximately $1.4 million into four separate annuities with Pruco Life Insurance Company and Aviva Life and Annuity Company.

71.     On or around November 12, 2010, in contemplation and anticipation of filing for bankruptcy, Freddie Records, Inc., n/k/a Big F, Inc., and Freddie Martinez, Sr. engaged in a series of sales that transferred their valuable music catalogs to Brothers Trei, Ltd., owned by the Individual Martinez Defendants.  Freddie Martinez, Sr. first sold his Marfre Music Publishing Company catalog to Freddie Records, Inc. for $85,000.  Immediately following this purchase, Freddie Records, Inc. sold its music catalog, including the Works it just acquired from Marfre Music Publishing Company, to Brothers Trei, Ltd.  No money exchanged hands during this transaction.  Instead, Brothers Trei, Ltd. allegedly forgave outstanding "back rent" owed by Freddie Records, Inc. in exchange for the two catalogs.  However, any outstanding "back rent" was a fiction created by the Defendants, since they and the entities actually had the funds to pay any rent that was owed.  Further, Martzcom Music, LLC currently uses the Freddie Records building and studio previously occupied by Freddie Records, Inc., n/k/a Big F, Inc., and does not pay rent for use of the facilities.

72.     On February 14, 2011, Freddie Records, Inc., n/k/a Big F, Inc., filed for bankruptcy. On November 14, 2011, Freddie Martinez, Sr. filed for bankruptcy. Freddie Martinez, Sr. admitted under oath that he is solvent and that he filed for bankruptcy to avoid his judgment creditors and potential judgment creditors– including Plaintiffs.

73.     Throughout the pendency of the bankruptcies, which remain ongoing, the Individual Martinez Defendants and their counsel, Lynn Hamilton Butler and Husch Blackwell, LLP, , have been purposefully evasive or untruthful about when the Bills of Sale were actually signed.  The "official" copies provided by Defendants are both dated November 12, 2010.  However, there is at least one alternate version with a different date of execution.  In addition, Lynn Hamilton Butler and JoAnn Hobbs exchanged correspondence and edits related to the Bills of Sale through November 15, 2010 if not later.

74.     Defendants aided and assisted Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc. in their calculated divestment of assets and sham bankruptcies.  The bankruptcies were anticipated, carefully crafted by Lynn Hamilton Butler and Tony Juarez, and filed with the express intent to defraud creditors.  Defendants prolonged their charade and remain in bankruptcy court through their refusal to provide honest and forthcoming information to the Court regarding the Bills of Sale and transfer of assets.  These actions are all in furtherance of Defendants' scheme to avoid creditors and make themselves "judgment proof."  This was a calculated strategy to punish judgment holders and their counsel and run up fees and expenses.

b)     **Mail Fraud:**

75.     Pursuant to 18 U.S.C. § 1341, the Individual Martinez Defendants, JoAnn Hobbs, and Martzcom Music, LLC, engaged in mail fraud through communications with artists, publishers, and general public regarding ownership and licensure of copyright-protected Works.  They used, and continue to use, the United States mail to falsely and fraudulently represent that they have some right or interest in the Works at issue.  In fact, they do not have any right to use or exploit Plaintiffs' Works.

76.     In addition, utilization of the United States mail was used to communicate details by and between the Individual Martinez Defendants, JoAnn Hobbs, Lynn Hamilton Butler, and Tony Juarez  regarding the valuation, management, and transfer of certain assets, including the Freddie Records, Inc. and Marfre Music Publishing catalogs subject to the November 2010 Bills of Sale. These communications were made for the express and intentional purpose of depriving Plaintiffs of damages for the Individual Martinez Defendants', Freddie Martinez, Sr.', Freddie Records, Inc.'s, n/k/a Big F, Inc., and Martzcom Music, LLC's unauthorized infringing activities– including the affirmed judgments awarded to Maria Ramirez, Tony Guerrero, Tempest Publishing, Inc., and Masters Licencing, L.P.

c)     **Retaliating Against a Witness, Victim, or Informant:**

77.     Upon information and belief, the Individual Martinez Defendants also used the United States mail to threaten and intimidate Plaintiffs and their attorney, in violation of 18 U.S.C. §§ 1341 and 1513.  On January 19, 2011, following the three unfavorable judgments described above herein, Plaintiffs' counsel received a bloody cow tongue in the mail.  The package that contained the cow tongue had Freddie Records, Inc.'s name and return address on it, as well as the address of one of Martzcom Music, LLC's suppliers– Digital Flex Media, Inc.  Cow tongues are used in Santeria or hoodoo rituals to curse the recipient and to "keep them quiet."  Although the Individual Martinez Defendants deny knowledge of the cow tongue, it is clear that it was mailed by them or at their direction from San Antonio, Texas in an attempt to harass Plaintiffs and their counsel and prevent future claims against them.

d)     **Wire Fraud:**

78.     Per 18 U.S.C. § 1343, the Individual Martinez Defendants, JoAnn Hobbs, and Martzcom Music, LLC engaged in wire fraud through statements and accountings sent to publishers and the Harry Fox Agency regarding profits made from the use and exploitation of Works– including infringed Works.  They failed to properly record and account for profits from their infringing Works, and misrepresent the statements sent to these third parties.

79.     In addition, the Individual Martinez Defendants, JoAnn Hobbs, Lynn Hamilton Butler, and Tony Juarez also used electronic mail to carry out their scheme– including manufacturing and creating the Bills of Sale and providing SparData with skewed information in an effort to legitimize the deeply discounted catalog sales.  These correspondences took place over a period of several months, and were made with intent to deprive Plaintiffs of damages for the Individual Martinez Defendants', Freddie Martinez, Sr.', Freddie Records, Inc.'s, n/k/a Big F, Inc., and Martzcom Music, LLC's unauthorized infringing activities– including the affirmed judgments awarded to Maria Ramirez, Tony Guerrero, Tempest Publishing, Inc., and Masters Licencing, L.P.

e)     **Money Laundering:**

80.     For at least the last ten years, the Individual Martinez Defendants, Freddie Martinez, Sr., and Freddie Records, Inc., n/k/a Big F, Inc. conspired to conceal and disguise profits derived from their unauthorized exploitation of copyright protected musical compositions and sound recordings– including those owned by Plaintiffs.  Following Freddie Records, Inc.'s, n/k/a Big F, Inc., bankruptcy, Martzcom Music, LLC has stepped into the infringer's role.  The Individual Martinez Defendants and Martzcom Music, LLC launder money by: i) producing products in-house; ii) making cash sales to flea markets and "mom and pop" shops; iii) making pocket transactions with flea market, "mom and pop" shops, and artists; iv) failing to maintain adequate records of production

or sales; v) failing to provide proper accountings of sales; and vi) under reporting, or entirely failing to report, sales. Not only does this conduct money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i)-(ii), but it harms Plaintiffs by making damage calculations nearly impossible

81.    Eloy Leija is a Martzcom Music, LLC employee who is intimately connected to this scheme.  He is in charge of sales and is the person who most often engages in the cash sales. JoAnn Hobbs and Tony Juarez then manipulate Martzcom Music, LLC's sales records, and either fail to report or conceal the cash sales.  This entire scheme is conducted at the direction of the Individual Martinez Defendants, who use money earned from cash sales to help fund their other business ventures, including Brothers Trei, Ltd., and further the guise of a legal and legitimate business.

82.    It is unclear how much of these profits, if any, Martzcom Music, LLC reports to the IRS.  However, Freddie Martinez, Sr., Freddie Martinez, Jr., Freddie Records, Inc., n/k/a Big F, Inc., and Martinez relative, Lee Martinez, Jr., were previously investigated and indicted by the IRS for their activities related to the cash sale of products.

     f)      **Copyright Infringement:**

83.    It is the Individual Martinez Defendants' and Martzcom Music, LLC's common and habitual business practice to use and exploit musical compositions and sound recordings without a proper licence and without permission or authority from the Work's owner or publisher.  They exploit the Works on CDs and DVDs and through digital downloads.   The Individual Martinez Defendants and Martzcom Music, LLC profit from the sale of the Works, but refuse to pay the owners of the Works, including Plaintiffs, any monies or royalties or provide accountings.  The Individual Martinez Defendants are unabashed and unapologetic about their exploitation of protected Works, even when there is a valid U.S. Copyright for the Work.

g)    **Violation of the DMCA**:

84.    Likewise, it is  the Individual Martinez Defendants' and Martzcom Music, LLC's common and habitual business practice to fabricate and provide false copyright information on products when they do not have a license or contract to use a particular Work.  This false information is then provided to the public, including third parties in the music industry, such as BMI and the Harry Fox Agency.  The Individual Martinez Defendants and Martzcom Music, LLC knowingly and intentionally create and disseminate false copyright information with the intent to induce, enable, facilitate, or conceal infringement.   Information that they falsely identify includes: i) the names of authors; ii) the identity of publishers; iii) the date of publication; and iv) the proper title of the musical composition or sound recording.  These actions violate 17 U.S.C. § 1202(a).  They strip true authors and publishers, such as Plaintiffs, of the rights appurtenant to their Works and create confusion in the marketplace.

h)    **Interstate Transportation of Stolen Property**:

85.    As part of their ongoing Enterprise, the Individual Martinez Defendants and Martzcom Music, LLC sell and distribute infringing products to retailers throughout the country, in Mexico, and online.  The true owners of the Works, such as Plaintiffs, are never notified that their intellectual property is placed in the interstate stream of commerce and are never provided with payments or accountings for sales of their Works.  These actions are in violation of 18 U.S.C.  § 2315.

86.    From its inception, Plaintiffs and other similarly situated songwriters and musicians were the targets and ultimate victims of Defendants' racketeering activities and the RICO enterprise– which stripped them of rights and access in and to their respective Works.  To date, Plaintiffs are

unable to fully use and exploit their own intellectual property due to the cloud of title created by Defendants' actions.  Defendants' racketeering activities culminated in the fraudulent bankruptcies of enterprise participants, Freddie Martinez, Sr. and Freddie Records, Inc.  The bankruptcies, coupled with the fraudulent transfers and Bills of Sale, leave Plaintiffs without any avenue of relief from the Individuals Martinez Defendants' and Martzcom Music, LLC's infringing activities.

87.    In addition to the loss of revenue from their respective Works, Defendants' ongoing enterprise and scheme has cost Plaintiffs thousands of dollars– including money spent tracking the fraudulently transferred Works, monies, and properties in the bankruptcy court.  The money lost includes affirmed court judgments previously awarded to Tony Guerrero, Maria Ramirez, Masters Licensing, L.P., and Tempest Publishing, Inc. to compensate them form Freddie Martinez, Sr.'s and Freddie Records, Inc.'s, unauthorized infringing activities.  Plaintiffs' continued financial loss is a proximate result of Defendants' actions and the actions of the Enterprise participants.

88.    Profits and/or benefits from the enterprise have been diverted and enjoyed by Defendants and persons associated therewith, and have been used to fund investments  including Purple Sky Enterprises, LLC, A. R. Martinez Family Limited Partnership, John Edward Martinez as  Custodian for Elizabeth Martinez, Lauren Martinez, and Madeline Martinez, Martinez Land and Buffalo Company, L.L.C., Elm Land and Buffalo Company, L.L.C. and attorneys' fees to Lynn Hamilton Butler and his law firms and fees to Juarez.

## VI.  CLAIMS FOR RELIEF

89.    Defendants and their co-conspirators,  Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc., as identified herein, are "persons" within the meaning of 18 U.S.C. § 1961(3),

who conducted the affairs of the Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

### VI. COUNT ONE: VIOLATION OF 18 U.S.C. § 1962(a)

90.     Plaintiffs incorporate by reference all preceding paragraphs.

91.     Section 1962(a) of RICO provides that "it shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity...to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment of any operation of, any enterprise which is engaged in, or the activities of which effect, interstate or foreign commerce."

92.     The Individual Martinez Defendants, with the help and assistance of all other named Defendants, made money from the sales of their infringing products, from interest earned in the accounts holding fraudulently transferred monies, and from the sales of the Martzcom Music Publishing Company and Freddie Records, Inc. catalogs– including the alleged forgiveness of an outstanding debt.  This money, or credit, was obtained by and through the ongoing Enterprise, as defined by 18 U.S.C. § 1961(4).

93.     The Individual Martinez Defendants used the proceeds earned by the Enterprise to create and develop multiple new business engagements for themselves, which are presented to the public as legitimate entities.  These businesses include Brothers Trei, Ltd., Martzcom Music, LLC, Purple Sky Enterprises, LLC, and SCMP, LLC.  The latter three entities are all involved in the record business and produce, manufacture, and distribute products which are then placed in the interstate, and even international, stream of commerce. Brothers Trei, Ltd. is a property holding company that is used to hold and hide profits earned from the other three entities.

94.     This business structure is in violation of 18 U.S.C. § 1962(a).  It is used in furtherance of the Enterprise and the conspirators' mission to place all executable assets beyond the reach of creditors and potential creditors.  It enables the Individual Martinez Defendants to enjoy profits derived from Plaintiffs' intellectual properties, while Plaintiffs are deprived of such rights due to the cloud of title and tangled accountings Defendants created.

### VII.  COUNT TWO: VIOLATION OF 18 U.S.C. § 1962(b)

95.     Plaintiffs incorporate by reference all preceding paragraphs.

96.     Section 1962(b) of RICO provides that "it shall be unlawful for any person through a pattern of racketeering activity...to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

97.     The Individual Martinez Defendants and Freddie Martinez. Sr. are the owners and officers of Freddie Records, Inc., n/k/a Big F, Inc. and Martzcom Music, LLC.  The Individual Martinez Defendants are the owners and officers of Brothers Trei, Ltd.  To Plaintiffs' knowledge, these are closely held entities, and there are no additional owners or officers.

98.      As stated throughout this Complaint, Martzcom Music, LLC was created by the Enterprise, as part of their racketeering activity, to step into the role of Freddie Records, Inc., k/n/a Big F, Inc., following its divestment of property and assets.  Freddie Records, Inc., n/k/a Big F, Inc. and Martzcom Music, LLC are involved in interstate and foreign commerce through the sale of their infringing products, and their actions and activities affect interstate and foreign commerce.  As such, the Individual Martinez Defendants and Martzcom Music, LLC are in violation of 18 U.S.C. § 1962(b).

99.   The creation of Martzcom Music, LLC is just one action Defendants committed to prejudice and harm Plaintiffs in this case.   Due to the creation of this new entity and the corresponding transfers of titles, Plaintiffs are unable to trace who claims rights to their intellectual properties or where the money necessary to pay the affirmed judgments is held.   They are also unable to clearly articulate damages for the unauthorized use and infringement of their Works.   Due to Defendants' racketeering activities, Plaintiffs are left without any clear avenue for relief.

### VIII.   COUNT THREE: VIOLATION OF 18 U.S.C. § 1962(c)

100.   Plaintiffs incorporate by reference all preceding paragraphs.

101.   Section 1962(c) of RICO provides that "it shall be unlawful for any person employed by...any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity..."

102.   As discussed at length above, the Enterprise was and is engaged in interstate commerce through the production, manufacture, and sale of infringing musical compositions and sound recordings, which the Individual Martinez Defendants and Martzcom Music, LLC, exploited without a license, authority, or permission.   The Individual Martinez Defendants, Freddie Records, Inc., n/k/a Big F, Inc., and Martzcom Music, LLC, are based in Texas, and sold the infringing products throughout all fifty states and in Mexico.   In addition, the infringing products were sold online and are available for purchase anywhere in the world.

103.   The Individual Martinez Defendants' and Martzcom Music, LLC's racketeering activities impact interstate commerce because their infringing products cloud the title of ownership

of the infringed Works and cause confusion in the marketplace with respect to the true owner, author, and publisher of the Works.

104.     In addition, the Individual Martinez Defendants and Martzcom Music, LLC used their association-in-fact Enterprise to hide and conceal profits made from the interstate and international sales– including cash sales.  Martzcom Music, LLC and Freddie Records, Inc., n/k/a Big F, Inc. are the tools through which the Enterprise effectuates its pattern of racketeering activity.

## IX.  COUNT FOUR:  VIOLATION OF 18 U.S.C. § 1962(d)

105.     Plaintiffs incorporate by reference all preceding paragraphs.

106.     Section 1962(d) of RICO provides that "it shall be unlawful for any person to conspire to violation any of the provisions of subsection (a), (b), or (c) of this section."

107.     Defendants violated § 1962(d) by conspiring to violate subsections (a), (b), and (c). The object of this conspiracy has been and s to conduct or participate in, directly or indirectly, the conduct of the Enterprise affairs and pattern of racketeering activity described throughout this Complaint.  Defendants and their co-conspirators, Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc., agreed to join the conspiracy, agreed to commit, and did commit, the activities described herein, and knew that these acts were part of a pattern of racketeering activity.

108.     Defendants and their co-conspirators engaged in numerous overt and predicate fraudulent racketeering acts in furtherance of the conspiracy– including the fraudulent divestment and transfer of assets in order to avoid liability for their infringing activities and as a way to avoid both affirmed and anticipated creditors.

109.    The nature of the above-described acts, material misrepresentations, and omissions in furtherance of the conspiracy gives rise to an inference that Defendants and their co-conspirators, Freddie Martinez, Sr. and Freddie Records, Inc., n/k/a Big F, Inc., not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violation subsections (a), (b), and (c), but were aware that their ongoing fraudulent actions are part of an overall pattern of racketeering activity.

110.    As a direct and proximate result of Defendants' overt acts and predicate acts in furtherance of violation 18 U.S.C. 1962 by conspiring to violate subsections (a), (b), and (c), Plaintiffs have been injured in their business and property– as fully set forth herein.

## X. DAMAGES

111.    There is a direct relation between the injury sustained by Plaintiffs and the conduct of Defendants.  The harm flowed from the enterprise. The harm needs to be foreseeable. Plaintiffs are in the category of persons to be safeguarded and suffered the type of harm that was meant to from which they were meant to be protected.  The damages include delay, expenses, frustration and lost opportunity, among other things.  Plaintiffs seek treble damages and attorneys fees and court costs.

## XI.  DEMAND FOR A JURY TRIAL

112.    Plaintiffs demand a trial by jury on all claims so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request judgment on each claim for relief, against each defendant, jointly and severally, as follows:

1.      Awarding Plaintiffs treble (three times) their actual damages on one or both of their RICO claims, together with costs and reasonable attorneys' fees;

2.      Awarding Plaintiffs their costs and expenses in this litigation, including reasonable attorneys' fees and expert fees; and

3.      Awarding Plaintiffs such other and further relief to which they may prove themselves entitled.

Respectfully submitted,

SHOWALTER LAW FIRM

By:   /s/ David W. Showalter

David W. Showalter

TBA# 18306500

1117 FM 359, Suite 200

Richmond, Texas 77406

(281) 341-5577

(281) 341-5572 (Facsimile)

ATTORNEY FOR PLAINTIFFS

GARY GUAJARDO, ET AL